IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CLAUDE MICHAEL FORBES,

       Petitioner,         Civil No. 10-1400-AA

       v.                        ORDER

RICK COURSEY,

       Respondent.

AIKEN, District Judge.

    Petitioner is in the custody of the Oregon Department of Corrections (ODOC) pursuant to a Judgment, dated April 12, 2006, from the Marion County Circuit Court, after convictions for two counts for Assault in the Second Degree, one count of Unlawful use of a Weapon, one count of Felon in Possession of a Firearm, and one count of Felon in possession of a Restricted Weapon. Exhibit 101. After petitioner was convicted of the above listed crimes by a combination of jury trial, bench trial and a plea petition, and the

1 - ORDER

merging of the Unlawful use of a Weapon count, the court imposed a sentence of 70 months for one count of Assault, a consecutive 70 months for the second count of Assault and a concurrent 24 months for the Count of Felon in Possession, for a total sentence of 140 months imprisonment. *Id.*

Petitioner directly appealed his convictions, but then moved to dismiss. Exhibits 105 - 107. Petitioner did not seek review from the Oregon Supreme Court.

Petitioner filed a Formal Petition for Post-Conviction Relief, Exhibit 109, but the Malheur County Circuit Court denied relief. Exhibit 118. The Oregon Court of Appeals summarily affirmed and the Oregon Supreme Court denied review. Exhibits 119 - 124.

Petitioner filed a Petition for habeas corpus relief under 28 U.S.C. § 2254 alleging three grounds for relief. Petition (#2) p. 5-9.

Respondent moves to deny relief and dismiss this proceeding on the grounds that "grounds two and three are procedurally defaulted" and "the ineffective-counsel claim in ground one was denied in a decision that is entitled to deference." Response (#8) p. 1.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he

2 - ORDER

must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996); see also, Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005).

Furthermore, to properly exhaust a claim the petitioner must present the federal claim to the state courts in a procedural context in which the claims' merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1984; Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), cert. denied, 489 U.S. 1059 (1989).

Stated otherwise, each claim raised in a habeas petition must have been given one complete round of the state's appellate review process. O'Sullivan v. Boerckel, supra at 844-845, and the state courts must have had a full and fair opportunity to respond to any federal claim asserted by the petitioner. Keeney v. Tamayo-Reyes, supra at 10.

If a petitioner has failed to present a federal constitutional claim to the state's highest court (i.e., has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas

3 - ORDER

corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also, Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if petitioners "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Prejudice exists only if petitioners show that the procedural default "worked to [petitioner's] actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. Id.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995); Calderon v. Thompson, 523 U.S. 538, 559 (1998).

In Ground Two, petitioner alleges that his trial counsel was ineffective for advising him not to testify. Petitioner raised this claim in his PCR petition, Exhibit 103 at p. 3. However, it was not alleged in petitioner's PCR brief to the Oregon Court of Appeals, Exhibit 118, or petition for review to the Oregon Supreme Court. Exhibit 112. Thus, this ineffective assistance of counsel

4 - ORDER

claim was not fairly presented to Oregon's highest court. See, Carriger v. Lewis, 971 F,2d 329, 333-34 (9th Cir. 1992) (en banc) (noting that ineffective-counsel claims are discreet and that each claim of ineffective assistance must be specifically raised and properly exhausted).

In Ground Three, petitioner alleges that his trial counsel was ineffective for failing to move for a mistrial due to alleged juror misconduct. This claim was not alleged in petitioner's PCR petition, Exhibit 108, PCR brief to the Court of Appeals (Exhibit 118), or petition for review to the Oregon Supreme Court. Exhibit 121.

Petitioner is now barred under Oregon law from filing any additional appeals or PCR proceedings, and therefore cannot "fairly present" any additional claims to the Oregon state courts.[1] Thus he has procedurally defaulted the claims raised in Grounds Two and Three. Petitioner has not alleged any cause and prejudice for his procedural default or established that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement.

Under the Antiterrorism and Effective Death Penalty Act

---

[1] ORS 138 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register. ORS 138.650 requires PCR appeals to be filed within 30 days after the entry of final judgment. ORS 2.520 requires petitions for review to the Oregon Supreme Court to be filed within 35 days from the date of the Court of Appeals's decision. See also, ORAP 9.05(2) (same). Finally, ORS 138.550(3) provides that all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims not so asserted are deemed waived.

5 - ORDER

("AEDPA"), 28 U.S.C. § 2254, habeas relief may be granted only when a state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceedings." 28 U.S.C. § 2254(d); Wiggins v. Smith, 539 U.S. 510, 520 (2003).

A state court's decision is "'contrary to' federal law if it fails to apply the correct controlling Supreme Court authority or comes to a different conclusion ... [from] a case involving materially indistinguishable facts." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002) (citing Bell v. Cone, 535 U.S. 685, 694). The Supreme Court has held that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000).

In addition, under 28 U.S.C. § 2254(d)(2), "a determination of a factual issue made by a state court shall be presumed to be correct.. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Miller-El v. Cockrell, 537 U.S. 322, 351 (2003).

"[I]t is past question that the rule set forth in Strickland, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams v Taylor, supra at 391. Under Williams, a petitioner may therefore be granted habeas

corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

Under Strickland, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components. First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense. Id. at 687.

The first prong of the Strickland test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness. Strickland, supra at 688. The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome." Id.

In Bell v. Cone, 535 U.S. 685 (2002), the Court reiterated that when considering ineffective assistance of counsel claims:

> [J]udicial scrutiny of a counsel's performance must be highly deferential and that every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Thus, even when a court is presented with an ineffective-assistance claim not subject to § 2254(d)(1) deference, a defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

7 - ORDER

Bell, 535 U.S. at 695 (citations and quotations marks omitted).

When considering ineffective assistance of counsel claims under 28 U.S.C. § 2254(d), "it is the habeas applicant's burden to show that the state court applied Strickland to the facts of his case in an objectively unreasonable manner." Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (per curiam).

The general nature of the Strickland test combined with the deference prescribed by § 2254(d) combines to require the federal court not to evaluate the state court's determination itself, but whether the state court's determination was unreasonable. Knowles v. Mirzayance, 129 S.Ct. 1411, 1420 (2009) (citing Schriro v. Landrigan, 550 U.S. 465, 473 (2007).

Petitioner's alleges in Ground One that "[t]rial counsel failed to subpoena Cpl Burke a key witness who would have provided testimony indicating the actions of petitioner were self-defense and not an outright assault as alleged." Petition (#2) p. 5-6. This claim is similar to the ineffective assistance of counsel claim petitioner presented in his PCR petition, Exhibit 108 at p. 4, and on his PCR appeal. Exhibit 118, p. 4.

Petitioner has not filed a brief in support of his petition in this proceeding. In petitioner's PCR proceedings he argued that trial counsel should have obtained Corporal Burke's testimony that the victim told him that right before he was shot by petitioner, he heard petitioner say "Drop it" or "Drop." Petitioner argued that such testimony would have supported petitioner's theory of self defense. Id.

8 - ORDER

The PCR court rejected petitioner's ineffective assistance of counsel claims as follows:

> The issue with the trial wasn't who shot first. It wasn't that kind of self-defense. The issue really was whether the complaining witness had a gun at all. Under the circumstances of this particular case as the testimony came out, not calling the corporal did not keep the attorney from validly arguing self-defense. The statement drop it or drop or whichever it was, doesn't matter much, it came in anyway. And the attorney, he argued (INAUDIBLE) self defense. And it really got down to the jury had to decide whether they believed that this other man had a gun at all. It allowed the attorney to argue why else would Mr. Forbes be saying drop it, if there was not gun. So it wasn't one of those cases that I frequently had (sic) which was who shot first. In this case, the jury didn't believe that the other man had a gun period. Otherwise, they would have bought the self-defense defense. So, in this set of facts, I do not find that it was inappropriate for the attorney to go ahead with this case without the corporal. I do not find that it prejudiced the outcome of the case. I do not find that it kept the attorney from arguing self-defense as much as he would have argued with the other statement. That it wouldn't have mattered. If Forbes [INAUDIBLE] would have just been a question of whether he whether the timing of the shooting. But it wouldn't have had anything to do with whether or not the man had a gun at all. (Sic)

Exhibit 116, p. 22-23 (findings on the record)

In the court's written findings the PCR judge stated: "Issue at trial wasn't who fired first, but whether V had a gun <u>at all</u>. Under the facts, not calling Corporal did <u>not</u> keep the attorney from presenting self-defense to jury. 'Drop it' came in through V." Exhibit 117.

Petitioner has not presented any clear and convincing evidence to controvert the PCR court findings and they are therefore presumed to be correct. 28 U.S.C. § 2254(e)(1).

In addition, for the reasons set forth below, I find that the

9 - ORDER

PCR court's conclusion that petitioner's trial counsel was not constitutionally defective, is not contrary to, nor an unreasonable application of *Strickland*.

The PCR court correctly concluded that there was no need for Corporal Burke to testify. When Mr. Welch testified at trial, he told the jury that petitioner told him to "drop it, drop it." Exhibit 104 at 78, 81-82. Corporal Burke would have added nothing to that testimony. Moreover, it is unlikely that Corporal Burke would have been allowed to tell the jury what Mr. Welch told him because of hearsay rules.

The jury heard the most credible evidence of the statement through the testimony of Mr. Welch. There was no need to have Corporal Burke testify and counsel was not ineffective for not calling him as a witness at trial. In addition, the self-defense argument was made based on the statement. Therefore, petitioner was not prejudice by the lack of Corporal Burke's testimony.

Based on all of the foregoing, petitioner's Petition (#2) is denied. This proceeding is dismissed.

### *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 9 day of November, 2011.

_____
Ann Aiken
United States District Judge